UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00439-MOC

| | |
|---|---|
| **DARRELL RECARDO LEWIS,** )<br> )<br>Petitioner, )<br> )<br>Vs. )<br> )<br> )<br> )<br>**UNITED STATES OF AMERICA,** )<br> )<br>Respondent. ) | MEMORANDUM OF DECISION<br>AND ORDER OF DISMISSAL |

**THIS MATTER** is before the Court on petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (#1) and respondent's Motion to Dismiss (#3). After the government filed its Motion to Dismiss, the Court afforded petitioner an opportunity to respond (Order (#4)) and petitioner filed a Response (#7).

In the criminal action, after the Court accepted his plea and a presentence report was filed, petitioner was sentenced as an armed career criminal based on his three prior North Carolina breaking and/or entering convictions, as well as two of his prior convictions for possession with intent to sell/deliver cocaine. PSR ¶ 21. The probation officer calculated Lewis's total offense level as 30, and his criminal history category as VI, even without application of the armed career criminal enhancement. PSR ¶ 40. In light of the statutory mandatory minimum sentence, petitioner's guideline range was 180 to 210 months of imprisonment. PSR ¶ 86. The Court sentenced petitioner to the mandatory minimum term of 180 months of imprisonment, petitioner appealed the denial of his motion to suppress, but the Fourth Circuit affirmed his conviction. United States v. Lewis, 466 F. App'x 170 (4th Cir. 2012).

In 2014, petitioner, through counsel, filed a motion to vacate, arguing based on the decision in Descamps v. United States, 133 S. Ct. 2276 (2013), that he should not have been sentenced as an armed career criminal because North Carolina breaking or entering was not a violent felony. Doc. No. 60. That proceeding was held in abeyance pending the Fourth Circuit's decision in United States v. Mungro, 754 F.3d 267 (4th Cir.), *cert. denied*, 135 S. Ct. 734 (2014). Civ. Doc. No. 5 (Case No. 3:14CV329). After the Fourth Circuit issued its decision, petitioner voluntarily dismissed his first § 2255 motion. See Case No. 3:14CV329 (#6). Thus, such petition does not make this petition a second or successive petition. United States v. Sosa, 364 F.3d 507, 510 n.2 (4th Cir. 2004) (holding a § 2255 motion is not second or successive where it follows a prior § 2255 motion that was not adjudicated on the merits).

In this petition, petitioner again seeks to challenge his sentence as an armed career criminal, this time asserting that his North Carolina breaking and entering convictions no longer qualify as crimes of violence under Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. The Court has made the holding in Johnson retroactive on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016); see also Beckles v. United States, No. 15-8544 (U.S. March 6, 2017).

As he did in his first petition, petitioner again challenges the use of his prior North Carolina convictions for breaking and entering as predicate offenses. While petitioner acknowledges that the appellate court upheld North Carolina breaking and entering convictions as predicate offenses in Mungro, he contends that this is no longer good law and that his convictions for breaking and entering are not enumerated offenses, do not fall under the force clause, and cannot qualify under the residual clause which is unconstitutionally vague. In Mungro, the Fourth Circuit held that

2

North Carolina breaking and entering constitutes generic burglary and, therefore, is an enumerated crime of violence under the ACCA. Contrary to petitioner's argument, Mungro is still good law and is binding on this lower court. See United States v. Jones, 2016 WL 5682559 (4th Cir. 2016) (holding Mungro forecloses the argument that North Carolina breaking and entering convictions are not predicate offenses under the ACCA) (unpublished); Thrasher v. United States, 3:16CV422-RJC, 2016 WL 5478015 (W.D.N.C. Sept. 16, 2016) (unpublished) (holding North Carolina breaking and entering "continues to qualify as a violent felony under the ACCA").

Inasmuch as petitioner's breaking and entering convictions are enumerated offenses under the ACCA, Johnson does not apply and the Petition will be dismissed. Finally, the court notes that petitioner's claim is procedurally defaulted and he has not shown cause or prejudice to excuse that procedural default and, further, it is barred by his Plea Agreement. See Plea Agreement at ¶¶ 17-18.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Dismiss (#3) is **GRANTED** and petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence (#1) is **DISMISSED**.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 28, 2017

Max O. Cogburn Jr.
United States District Judge